# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Joseph Byron Taylor,** | ) | **Case No. 05-10194-TOM-13** |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| **Herman Barham,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 07-00037-TOM** |
| | ) | |
| **Joseph Byron Taylor and** | ) | |
| **American General Finance,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter came before the Court for hearing on October 29, 2007 on American General Finance's Amended Motion to Dismiss Case (the "Motion to Dismiss") (doc. no. 24). Appearing at the hearing were counsel for American General Finance, counsel for the Debtor and the Plaintiff, Mr. Herman Barham. Counsel for the Plaintiff failed to appear. This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has considered the pleadings and the law and finds and concludes as follows[1].

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT[2]

The Debtor filed for chapter 13 protection on October 5, 2005. American General Finance filed two claims, claims #1 and #2 (as amended by claims #3 and #4) secured by two pieces of real property located at 1424 Triley Street, Birmingham, AL 35214 and 1808 Castleberry Way, Birmingham, AL 35214. With respect to these two properties, neither of which constituted the Debtor's homestead, the Debtor's Chapter 13 Plan proposed that the Debtor would surrender that particular real property in full satisfaction of the secured claim held by American General Finance. The plan was confirmed on January 4, 2006. On March 28, 2006, a Consent Order Lifting Automatic Stay (the "Consent Order") was entered granting relief to American General Finance with respect to its collateral and, on May 30, 2006, American General Finance conducted a foreclosure sale.

More than four months after the foreclosure, on November 7, 2006, the Plaintiff filed a Motion for Relief for Stay or, in the Alternative, for Instruction. The motion was ultimately withdrawn, on January 10, 2007, based on the agreement of the parties and the filing of this adversary proceeding followed.

On March 1, 2007, the Plaintiff filed this adversary proceeding against the Debtor/Defendant and a summons was issued. Though the summons and complaint were never served on the Debtor, the Debtor filed an answer on April 6, 2007 denying each and every allegation. At the April 9, 2007 hearing, the Court, having been advised that earlier that morning the Plaintiff and the Debtor filed a Joint Motion for Joinder of Necessary Party (the "Joinder Motion") (doc. no. 5) seeking relief to add American General Finance as an additional

---

[2]The findings of fact are taken from the pleadings. No evidence was offered and no arguments were made at the October 29, 2007 hearing; however, the relevant facts are not in dispute.

defendant, and upon request of the parties granted the parties a continuance until May 7, 2007. At the May 7, 2007 hearing, the Court granted the Joinder Motion and gave the Plaintiff 14 days from the date of entry of the order, May 8, 2007, to file an amended complaint.  On June 5, 2007, well beyond the 14 day deadline, the Plaintiff filed an amended complaint against the Debtor and American General Finance, as a defendants.  An alias summons was issued and a status conference was set for July 30, 2007.

At the status conference on July 30, 2007, the Court inquired if service had been effectuated because a certificate of service was not filed.  Plaintiff's counsel could not verify that service was made and the Court directed the Clerk's office to issue a second alias summons and directed Plaintiff's counsel to serve the alias summons and file the certificate of service prior to the next hearing.  At the next hearing, held on September 10, 2007,  service was still lacking and the Court ordered Plaintiff's counsel, who failed to appear, though the Plaintiff himself was present, to serve the summons and complaint and to file a certificate of service.

On September 27, 2007, alleged service was completed and certificates were filed with the Court (docs. nos. 21 and 22).  The summonses served, however, were not summonses issued by the Clerk's office nor alias summonses issued by the Clerk's office but rather were summonses generated by Plaintiff's counsel and not signed by the Clerk of the Court, in violation of Rule 7004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Additionally, the summons mailed to American General Finance was mailed to an address in Montgomery and not to the address of American General Finance listed on PACER nor to American General Finance's counsel, who had already made an appearance in the adversary proceeding and whose contact information was likewise available on PACER.

Following this defective service, on October 17, 2007, American General Finance filed the Motion to Dismiss, which was set for hearing on October 29, 2007 along with the continued status conference. At the October 29, 2007 hearing, Plaintiff's counsel again failed to appear, though the Plaintiff himself was present.

In the complaint, the Plaintiff alleges that the Debtor, on or about August 10, 2006 (following confirmation, entry of the Consent Order and the foreclosure), quit claimed the property located at 1808 Castleberry Way, Birmingham, AL 35214 to the Plaintiff. No supporting documentation was attached to the complaint and, to date, no quit claim has been produced to this Court. The Plaintiff alleges that following the quit claim, the Plaintiff took possession of the property and continued to make payments to American General Finance. The Plaintiff further alleges that on November 1, 2006, following the May foreclosure, American General Finance locked out the Plaintiff's tenant and that prior to the lock out, neither the Plaintiff nor his tenant received any information concerning the bankruptcy case, the relief from stay or the foreclosure. Plaintiff seeks, as best this Court can determine from the amended complaint, a determination that the debt to American General Finance by the Debtor is non-dischargable, equitable relief in the form of relief from the prior consent order lifting the automatic stay and for the foreclosure to be set aside.

In the Motion to Dismiss, American General Finance argues that the complaint fails to state a claim up on which relief can be granted and further argues that the Plaintiff's request for "relief from the prior order, the automatic stay" is not an action recognized by the Bankruptcy Rules and is not a cause of action for which relief can be granted. Additionally, American

General Finance challenges the timeliness of such a motion as the foreclosure has already taken place in reliance on the Consent Order.

CONCLUSIONS OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7012, provides that the court can dismiss a complaint if it fails to state a claim upon which relief can be granted. The complaint seeks relief pursuant to Section 727(a)(2) of the Bankruptcy Code, which provides that the court shall grant a debtor a discharge absent a showing of fraud with the Plaintiff alleging fraud with respect to a certain post-petition, post-confirmation transfer. The complaint alleges that the Plaintiff was defrauded by the Debtor and American General Finance, though no proof of any quit claim, which the Plaintiff alleges the Debtor granted him, has been provided. The Plaintiff also alleges that following the transfer, the Plaintiff paid American General Finance each month pursuant to the mortgage; however, again, no proof of any such payments, which would have totaled 4 payments at most, was offered. At best, the complaint comprises mere allegations unsupported by any proof. Additionally, any quit claim, if one exists, would not effect the outcome because the Debtor had no legal or equitable rights to the property at the time of transfer as the property had already been surrendered and foreclosed upon by American General Finance. You can't transfer what you don't have.

While the Plaintiff quotes a portion of section 727(a)(2) of the Bankruptcy Code, that section is not applicable. First, it would appear the Plaintiff is, in effect, asking the Court to find the debt between the Debtor and American General Finance non-dischargeable, as no debt between the Debtor and the Plaintiff is alleged, no proof of claim was filed and the Debtor's

schedules do not list a debt to the Plaintiff. Absent any debt between the Debtor and Plaintiff, the Plaintiff is not a creditor of the Debtor and lacks standing with respect to the debt between American General Finance and the Debtor.

Further, and more importantly, section 727(a)(2) of the Bankruptcy Code allows creditors to attack as non-dischargable only transfers that occurred in the year prior to filing the petition or post-petition if the property at issue is property of the estate. The transfer at issue here took place post-petition, by the Plaintiff's own admissions. There is no allegation that the property at issue is or was property of the estate when the quit claim was alleged to have occurred. At the time of the alleged transfer, American General Finance had all legal and equitable title to the property and the Debtor had no interest in the property. The Plaintiff failed to answer the Motion to Dismiss and failed to appear at the hearing on the same. With no evidence or argument opposing the Motion to Dismiss and nothing to contradict the conclusions above, this Court finds that the complaint fails to state a claim upon which this Court can grant relief and is due to be dismissed.

With respect to the Plaintiff's request that this Court set aside its prior Consent Order, the Court finds that portion of the amended complaint is moot based on the foreclosure. Any attack on the foreclosure, which occurred before the Plaintiff alleges to have had an interest in the property, is more properly raised in state court as this Court doubts it has jurisdiction to hear such matters.

The Court further finds, *sua sponte*, that dismissal is appropriate because of the insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings

pursuant to Bankruptcy Rule 7012[3]. As noted above, Plaintiff's counsel failed to serve a proper summons on American General Finance despite numerous continuances and direction from the Court to do just that. The "summons" served on American General Finance was addressed generally to "CSC-Lawyers Incorporating Service for American General Financial Services, Inc." and not to an "officer, managing or general agent or to any other agent authorized" as required by Rule 4(h) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7004. Why the "summons" was served at that address rather than to the address for American General Finance's counsel of record or the address listed on Pacer for the corporation or the address listed by American General Finance on its proofs of claims is unclear. In addition to this defect, the service was defective on its face, as to both the Debtor and American General Finance, because the summons was not issued or signed by the Clerk of the Court as required by Rule 4(a) of the Federal Rules of Civil Procedure. The "summons" appears to have been generated by Plaintiff's counsel but never presented to the Clerk of the Court for signature and seal, as required. The Clerk of the Court, in this case, previously issued an original summons and two separate alias summons which were never served on either party. Based on the insufficient process and insufficient service of process, this adversary proceeding is due to be dismissed.

---

[3]While generally these defenses are waived if not raised in the first responsive pleading, pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, this Court finds that waiver did not occur. American General Finance was not added as a party until April 9, 2007 following the Joinder Motion; however, at that time, a summons was issued but not served. At the following two status conferences, no one from American General Finance appeared and service had yet to be effectuated. It was not until September 10, 2007, with service still lacking, before counsel for American General Finance appeared, though it should be noted that while Plaintiff appeared, Plaintiff's counsel did not. Following that appearance, American General Finance filed the Motion to Dismiss at issue here.

Further, the "summons" actually served was untimely. Bankruptcy Rule 7004(f) provides that service of the summons must be made within 10 days of the issuance of the summons or an alias summons shall be issued and, pursuant to Bankruptcy Rule 7004(m), the court upon motion of a party or on its own initiative after notice to the plaintiff shall dismiss any complaint where the complaint and summons were not served within 120 days of the date the complaint was filed unless plaintiff can show "good cause" why timely service was not made.

In this case, the complaint was filed on March 2, 2007 and the summons was issued on March 2, 2007 as to the Debtor and on April 9, 2007 as to American General Finance (following the hearing on the Joinder Motion). Neither were served. At a status conference held on May 7, 2007, Plaintiff's counsel informed the Court that he intended to file an amended complaint. The Court entered an order granting the Plaintiff fourteen days to file an amended complaint, upon which the Clerk of the Court would issue an alias summons and rest the matter for status conference. The amended complaint was filed on June 5, 2007, not in compliance with the Court's order, and an alias summons was issued on June 19, 2007. The alias summons was likewise not served and at a hearing held on July 30, 2007, the Court again directed the Clerk of the Court to issue a second alias summons and directed Plaintiff's counsel to serve it, resetting the matter for September 10, 2007. The second alias summons was issued on July 31, 2007 and again not served. At the hearing on September 10, 2007, counsel for the Plaintiff failed to appear and the Court continued the matter one further time specifically directing Plaintiff's counsel to serve and file a certificate of service prior to the a hearing scheduled for October 29, 2007. On October 29, 2007, the defective "summons" discussed above had been filed but proper service had not been obtained and Plaintiff's counsel failed to appear.

Based on the pleadings, there is no doubt that neither a proper summons or alias summons was ever served on the Debtor or American General Finance. Further, the complaint was filed on March 2, 2007, now almost eight months ago, clearly outside the 120 day limit. Plaintiff's counsel failed to appear at the prior two hearings and thus the Court has no evidence on which to find "good cause" that would excuse compliance with this most basic of rules of civil procedure. The Court, on the record, announced at the September 10, 2007 hearing that if service was not effectuated prior to the next hearing, the Court would dismiss the motion. The order entered following the hearing specifically directed Plaintiff's counsel to serve the summons and complaint, this was not done.

A separate order, consistent with this Memorandum Opinion, and pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, will be entered.

Dated this the 5th day of November, 2007.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge